UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x

PRIME TIME TOYS, LTD.,

               Plaintiff,

      v.

JA-RU, INC.; JA-RU (HK), LTD. and MARLON CREATIONS, INC.,

               Defendants.

------------------------------ x

Civil Action No.: 1:08-cv-00449-MGC
ECF Case

## REPORT OF EARLY MEETING OF COUNSEL

1.    Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on April 15, 2008 and was attended by:

    a.    Neil M. Zipkin for Plaintiff Prime Time Toys, Ltd.;

    b.    Lewis Anten, Brian Socolow and Ivy Choderker for Defendants Ja-Ru, Inc., Ja-Ru (HK), Ltd., and Marlon Creations, Inc. (collectively "Defendants").

2.    Counsel for Defendants has accepted service on behalf of all Defendants, and Defendants shall answer, move or otherwise respond to the Second Amended Complaint on or before May 2, 2008.

3.    The parties discussed the nature and basis of the claims and defenses. However, Defendants' Response is not due until May 2, so the discussions were general in nature.

4. Defendants consent to this Court's exercise of personal jurisdiction over them.

5. Defendants intend to move to stay and/or transfer the action with respect to Defendant Marlon Creations, Inc. ("Marlon") and to transfer the action with respect to Ja-Ru, Inc. and Ja-Ru (HK) Ltd. (collectively, "Ja-Ru Defendants") to the U.S. District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice. Plaintiff would object to such a stay and transfer.

6. Defendants requested from Plaintiff to have early, voluntary discovery on issues related only to their intended motion to stay and transfer. Pursuant to an agreement between the parties, Plaintiff provided some information to Defendants on April 24, 2008. Defendants plan to proceed with their intended motion to stay and transfer. A letter is being sent to the Court outlining the basis for such motion and requesting that a pre-motion conference be set.

7. Defendants would like an early Markman Hearing. Defendants propose that the Markman Hearing be set for a time after the ruling on the motion to stay and transfer. Further, Defendants respectfully request that the Court conduct the Markman Hearing prior to the taking of depositions, other than depositions related to Defendants' intended motion to stay and transfer and the Markman Hearing. Defendants do not believe that written discovery needs to be stayed pending the outcome of the Markman Hearing. Plaintiff does not believe that any discover need be stayed. Further, Plaintiff believes that an early Markman Hearing is not in the parties' best interests. Instead, Plaintiff believes that a Markman Hearing should not be conducted until the parties have taken discovery on

claim construction to determine if there are any issues and the parties have exchanged contentions relative to claim construction.

8. The parties initially agreed to the Case Management Plan set forth on the attached proposed Case Management Plan order. Plaintiff believes that the Case Management Plan is appropriate for entry. However, because Defendants would like the Markman Hearing to be held early, they believe that a Case Management Order should not be set or entered until after the Markman Hearing has been conducted and the outcome of the Markman Hearing is known. In any case, the parties reserve their right to seek modification of the Case Management Plan order.

9. The parties agreed to exchange Initial Disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(1) on or before May 1, 2008.

10. The parties discussed settlement and settlement does not appear likely at this time.

11. The parties made the following miscellaneous agreements:

   a. Only the final versions of expert reports will be produced. The parties agree not to seek the discovery of drafts of expert reports, working papers or notes generated by experts, as well as other work product of the experts unless disclosed in connection with an expert's testimony in the case or relied upon to refresh his or her recollection in connection with testimony given in the case. The parties also agreed that they will not seek discovery, or inquire into information, concerning communications between counsel and experts regarding the development or substance of the expert's opinion, case strategy or other privileged or work product matters. Nothing contained herein will prevent production of materials provided to an expert for use in preparation of the expert report.

  b. The parties agree that it is not necessary to list correspondence between counsel and the parties in a privilege log. However, nothing contained herein shall prevent the identification of any opinions rendered by counsel.

  c. The parties agree that service of documents by e-mail with a confirmation copy sent by U.S. mail is equivalent to service by hand. Service by e-mail must be completed by 5:00 p.m. in the time zone of the party being served to be effective on that day.

  d. The parties agree that certified translations of a document containing foreign language will be provided, upon request of the receiving party.

  e. The parties agree that production of documents including ESI can be in hard copy form or as PDF files and need not be in their native format.

         Respectfully submitted,

         Neil M. Zipkin (NZ-4718)
         Chester Rothstein (CR-4717)
         AMSTER, ROTHSTEIN & EBENSTEIN LLP
         Attorneys for Plaintiff Prime Time Toys, Ltd.
         90 Park Avenue
         New York, NY 10016
         212 336 8000

By: _____

         Brian R. Socolow (BS-6234)
         LOEB & LOEB LLP
         Attorneys for Defendants Ja-Ru, Inc., Ja-Ru (HK), Ltd. and Marlon Creations, Inc.
         345 Park Avenue

New York, NY 10154
(212) 407-4000

Lewis Anten (CA State Bar No. 56459)
Ivy Choderker (CA State Bar No. 210612)
LEWIS ANTEN, P.C.
Attorneys for Defendants Ja-Ru, Inc., Ja-Ru (HK),
Ltd. and Marlon Creations, Inc.
16830 Ventura Boulevard, Suite 236
Encino, CA 91436
(818) 501-3535

By: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

PRIME TIME TOYS, LTD.,                              CASE MANAGEMENT PLAN

                Plaintiff (s)                 1:08     Civ.  00449   (MGC)
                                                ECF Case

    - against -

JA-RU, INC.; JA-RU (HK), LTD and
MARLON CREATIONS, INC.,

              Defendant (s)
----------------------------------------X

    The Following Case Management Plan is entered, after consultation with the parties. This Plan is also a Rule 16 and Rule 26 (f) scheduling order as required by the Federal Rules of Civil Procedure.

Joinder of additional parties by    June 15, 2008

Amend the pleadings by    June 15, 2008

All motions other than summary judgment by    January 15, 2009

Discovery:

All discovery to be completed by    December 19, 2008

Joint Pre-Trial Order to be submitted by    February 15, 2009

Final Pre-Trial Conference    March 1, 2009

Trial:    (To be set by the Court)


    SO ORDERED.

Dated:    New York, New York


                                              MIRIAM GOLDMAN CEDARBAUM
                                              United States District Judge