UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
PRIME TIME TOYS, LTD.,                          :

              Plaintiff,              :   Civil Action No. 1:08 cv-00449 (MGC)

          -against-                  :   ECF Case

JA-RU, INC.; JA-RU (HK), LTD.; and              :
MARLON CREATIONS, INC.,
                                       :
              Defendants.
                                       :
---------------------------------------------------------X

## ANSWER OF JA-RU, INC. AND JA-RU (HK), LTD. TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM

Ja-Ru, Inc. (hereinafter referred to as "Ja-Ru (US)") and Ja-Ru (HK) Limited (hereinafter referred to as "Ja-Ru (HK)") (hereinafter collectively referred to as "Ja-Ru Defendants"), by and through their undersigned attorneys, hereby answer the Second Amended Complaint (hereinafter referred to as "SAC") of Prime Time Toys, Ltd. (hereinafter referred to as "PTT") as follows:

### THE PARTIES

1.     Ja-Ru Defendants lack sufficient information and belief to admit or deny the allegations contained in paragraph 1 of the SAC, and upon that basis deny the same.

2.     Responding to paragraph 2 of the SAC, Ja-Ru (HK) admits that it offered for sale the toy depicted in Exhibit F to the SAC, but denies that it sold or imported said toy into the United States. Ja-Ru (US) admits that it offered for sale in the United States the toy depicted in Exhibit F to the SAC, but denies that it sold or imported said toy into the United States.

3.     Responding to paragraph 3 of the SAC, Ja-Ru (HK) admits that it offered for sale and sold the toy depicted in Exhibit G to the SAC, but denies that it imported said toy into the

United States. Ja-Ru (US) admits that it offered for sale, sold, and imported into the United States the toy depicted in Exhibit G to the SAC. Ja-Ru Defendants lack information and belief as to the allegations in paragraph 3 concerning Marlon Creations, Inc. ("Marlon"), and upon that basis deny the same.

    4.    Ja-Ru Defendants admit the allegations contained in paragraph 4 of the SAC.

    5.    Ja-Ru Defendants lack information and belief as to the allegations contained in paragraph 5 of the SAC, and upon that basis deny the same. Ja-Ru Defendants further state that the allegations contained in paragraph 5 contain legal conclusions as to which no response is required.

    6.    Ja-Ru Defendants admit the allegations contained in paragraph 6 of the SAC.

    7.    Ja-Ru Defendants admit the allegations contained in paragraph 7 of the SAC.

    8.    Responding to paragraph 8 of the SAC, Ja-Ru Defendants deny that they offered to sell the Ja-Ru Pumper Version 2 to Marlon within the State of New York; Ja-Ru (HK) denies that it sold the Ja-Ru Pumper Version 2 to Marlon within the State of New York or shipped the Ja-Ru Pumper Version 2 to Marlon for receipt within the State of New York; Ja-Ru (US) admits that it sold the Ja-Ru Pumper Version 2 to Marlon within the State of New York and shipped the Ja-Ru Pumper Version 2 to Marlon for receipt within the State of New York.

    9.    Ja-Ru (US) admits the allegations contained in paragraph 9 of the SAC with respect to Ja-Ru (US). Ja-Ru (HK) denies the allegations contained in paragraph 9 of the SAC with respect to Ja-Ru (HK).

    10.    Ja-Ru Defendants lack information and belief as to the allegations contained in paragraph 10 of the SAC, and upon that basis deny the same.

11. Ja-Ru Defendants lack information and belief as to the allegations contained in paragraph 11 of the SAC, and upon that basis deny the same.

12. Responding to paragraph 12 of the SAC, Ja-Ru (US) admits the allegations contained in paragraph 12 of the SAC with respect to Ja-Ru (US). Ja-Ru (HK) denies that it delivered the Ja-Ru Pumper Version 2 within the State of New York and admits the remaining allegations contained in paragraph 12 of the SAC with respect to Ja-Ru (HK).

13. Ja-Ru Defendants lack information and belief as to the allegations contained in paragraph 13 of the SAC, and upon that basis deny the same.

14. Ja-Ru Defendants admit the allegations contained in paragraph 14 of the SAC.

15. Responding to paragraph 15 of the SAC, Ja-Ru Defendants state that the allegations in paragraph 15 contain legal conclusions as to which no response is required, and deny that they have committed any of the acts of patent infringement alleged in the SAC.

16. Ja-Ru Defendants state that the allegations in paragraph 16 contain legal conclusions as to which no response is required, but deny the allegations contained in paragraph 16 of the SAC.

17. Responding to paragraph 17 of the SAC, Ja-Ru Defendants state that the allegations in paragraph 17 contain legal conclusions as to which no response is required, but deny that Ja-Ru Defendants have committed any acts of patent infringement complained of in the SAC, including without limitation, any acts of patent infringement having effects within the State of New York and this judicial district.

18. Responding to paragraph 18 of the SAC, Ja-Ru Defendants state that the allegations in paragraph 18 contain legal conclusions as to which no response is required. Ja-Ru

Defendants deny that they manufacture toys in this judicial district; Ja-Ru (US) admits that it sells toys in this judicial district; Ja-Ru (HK) denies that it sells toys in this judicial district.

19. Ja-Ru Defendants lack information and belief as to the allegations contained in paragraph 19 of the SAC, and upon that basis deny the same.

## BACKGROUND

20. Ja-Ru Defendants lack sufficient information and belief to admit or deny the allegations contained in paragraph 20 of the SAC, and upon that basis deny the same.

21. Ja-Ru Defendants lack sufficient information and belief to admit or deny the allegations contained in paragraph 21 of the SAC, and upon that basis deny the same.

22. Ja-Ru Defendants admit that U.S. Design Patent No. Des. 524,881, which is entitled "FLOATING SQUIRTING TOY" (hereinafter "the '881 Design Patent"), issued and that a true and correct copy of the '881 Design Patent is attached as Exhibit D to the SAC, but deny that the '881 Design Patent is valid or subsisting or entitled to a presumption of validity under 35 U.S.C. § 282; and lack sufficient information and belief to admit or deny the remaining allegations contained in paragraph 22 of the SAC and upon that basis deny the same.

23. Ja-Ru Defendants lack sufficient information and belief to admit or deny the allegations contained in paragraph 23 of the SAC and upon that basis deny the same.

24. Ja-Ru Defendants admit that U.S. Patent No. 7,281,642 B2, which is entitled "SQUIRTING TOY" (hereinafter "the '642 Patent"), issued and that a true and correct copy of the '642 Patent is attached as Exhibit E to the SAC, but deny that the '642 Patent is valid or subsisting or entitled to a presumption of validity under 35 U.S.C. § 282; and lack sufficient information and belief to admit or deny the remaining allegations contained in paragraph 24 of the SAC and upon that basis deny the same.

25. Ja-Ru Defendants lack sufficient information and belief to admit or deny the allegations contained in paragraph 25 of the SAC and upon that basis deny the same.

26. Ja-Ru Defendants lack sufficient information and belief to admit or deny the allegations contained in paragraph 26 of the SAC and upon that basis deny the same.

27. Ja-Ru Defendants lack sufficient information and belief to admit or deny the allegations contained in paragraph 27 of the SAC and upon that basis deny the same.

28. Ja-Ru Defendants lack sufficient information and belief to admit or deny the allegations contained in paragraph 28 of the SAC and upon that basis deny the same.

29. Responding to paragraph 29 of the SAC, Ja-Ru (HK) admits that it offered to sell the Ja-Ru Pumper Version 1 to Wal-Mart; and Ja-Ru (US) denies the allegations with respect to Ja-Ru (US) contained in paragraph 29 of the SAC.

30. Responding to paragraph 30 of the SAC, Ja-Ru (HK) admits that it offered to sell the Ja-Ru Pumper Version 2 to Wal-Mart; and Ja-Ru (US) denies the allegations with respect to Ja-Ru (US) contained in paragraph 29 of the SAC.

31. Ja-Ru Defendants deny the allegations contained in paragraph 31 of the SAC

32. Ja-Ru Defendants deny the allegations contained in paragraph 32 of the SAC.

33. Ja-Ru Defendants deny the allegations contained in paragraph 33 of the SAC.

34. Responding to paragraph 34 of SAC, Ja-Ru (US) admits that a true and correct copy of a letter sent by PTT's counsel to Ja-Ru (US) is attached as Exhibit H to the Amended Complaint and that the letter speaks for itself; Ja-Ru (HK) denies the allegations as to Ja-Ru (HK) contained in paragraph 34 of the SAC.

35. Responding to paragraph 35 of the SAC, Ja-Ru Defendants admit that counsel for Ja-Ru Defendants responded to PTT's letter attached to the SAC as Exhibit H by sending the pictures attached as Exhibit G to the SAC, as part of a letter to PTT's counsel.

36. Responding to paragraph 36 of the SAC, Ja-Ru Defendants admit that a true and correct copy of a letter sent by PTT's counsel to Ja-Ru Defendants' counsel is attached as Exhibit I to the SAC and that the letter speaks for itself.

37. Ja-Ru Defendants deny the allegations contained in paragraph 37 of the SAC.

38. Ja-Ru Defendants lack information and belief as to the allegations contained in paragraph 38 of the SAC, and upon that basis deny the same, except specifically deny that the Ja-Ru Pumper Version 2 infringes the '642 Patent.

39. Ja-Ru Defendants lack information and belief as to the allegations contained in paragraph 39 of the SAC, and upon that basis deny the same, except specifically deny that the Ja-Ru Pumper Version 2 infringes the '642 Patent.

40. Ja-Ru Defendants lack information and belief as to the allegations concerning Marlon contained in paragraph 40 of the SAC, and upon that basis deny the same.

## COUNT I

41. Ja-Ru Defendants hereby reallege their answers to paragraphs 1 through 40 of the SAC, and thereby incorporate them herein by this reference as if fully set forth herein.

42. Ja-Ru Defendants deny the allegations contained in paragraph 42 of the SAC.

43. Ja-Ru Defendants deny the allegations contained in paragraph 43 of the SAC.

44. Ja-Ru Defendants deny the allegations contained in paragraph 44 of the SAC.

45. Ja-Ru Defendants deny the allegations contained in paragraph 45 of the SAC.

46. Ja-Ru Defendants deny the allegations contained in paragraph 46 of the SAC.

47. Ja-Ru Defendants deny the allegations contained in paragraph 47 of the SAC.

48. Ja-Ru Defendants deny the allegations contained in paragraph 48 of the SAC.

49. Responding to paragraph 49 of the SAC, Ja-Ru (HK) admits that it offered to sell the Ja-Ru Pumper Version 1 and took orders for the Ja-Ru Pumper Version 1, but denies that it filled those orders with the Ja-Ru Pumper Version 2. Ja-Ru (US) denies the allegations with respect to Ja-Ru (US) contained in paragraph 49 of the SAC.

50. Ja-Ru Defendants deny the allegations contained in paragraph 50 of the SAC.

51. Ja-Ru Defendants deny the allegations contained in paragraph 51 of the SAC.

52. Ja-Ru Defendants deny the allegations contained in paragraph 52 of the SAC.

53. Ja-Ru Defendants deny the allegations contained in paragraph 53 of the SAC.

54. Ja-Ru Defendants deny the allegations contained in paragraph 54 of the SAC.

## COUNT II

55. Ja-Ru Defendants hereby reallege its answers to paragraphs 1 through 54 of the SAC, and thereby incorporate them herein by this reference as if fully set forth herein.

56. Ja-Ru Defendants deny the allegations contained in paragraph 56 of the SAC.

57. Ja-Ru Defendants deny the allegations contained in paragraph 57 of the SAC.

58. Ja-Ru Defendants deny the allegations contained in paragraph 58 of the SAC.

59. Ja-Ru Defendants admit the allegations contained in paragraph 59 of the SAC.

60. Ja-Ru Defendants lack information and belief as to the allegations contained in paragraph 60 of the SAC, and upon that basis deny the same, except specifically deny that the Ja-Ru Pumper Version 1 or the Ja-Ru Pumper Version 2 infringes the '642 Patent.

61. Ja-Ru Defendants lack information and belief as to the allegations contained in paragraph 61 of the SAC, and upon that basis deny the same, except specifically deny that the Ja-Ru Pumper Version 1 or the Ja-Ru Pumper Version 2 infringes the '642 Patent.

62. Ja-Ru Defendants lack information and belief as to the allegations contained in paragraph 62 of the SAC and upon that basis deny the same.

63. Ja-Ru Defendants lack information and belief as to the allegations contained in paragraph 63 of the SAC and upon that basis deny the same.

64. Ja-Ru Defendants deny the allegations contained in paragraph 64 of the SAC.

65. Ja-Ru Defendants deny the allegations contained in paragraph 65 of the SAC as to Ja-Ru Defendants, and lack information and belief as to the allegations concerning Marlon, and upon that basis deny the same.

66. Ja-Ru Defendants deny the allegations contained in paragraph 66 of the SAC.

## AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT AND TO EACH CLAIM FOR RELIEF STATED THEREIN

As separate affirmative defenses to the SAC, and to each purported claim for relief alleged therein, Ja-Ru Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

67. PTT has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

68. PTT is barred from recovery because there are no valid and enforceable claims of the '881 Design Patent.

## THIRD AFFIRMATIVE DEFENSE

69. PTT is barred from recovery because the '881 Design Patent is invalid and unenforceable, including, *inter alia,* for failure to meet the requirements for a patent and patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

70. PTT is barred from recovery because of its patent misuse of the '881 Design Patent.

## FIFTH AFFIRMATIVE DEFENSE

71. PTT is barred from recovery because there are no valid and enforceable claims of the '642 Patent.

## SIXTH AFFIRMATIVE DEFENSE

72. PTT is barred from recovery because the '642 Patent is invalid and unenforceable, including, *inter alia,* for failure to meet the requirements for a patent and patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

## SEVENTH AFFIRMATIVE DEFENSE

73. PTT is barred from recovery because of its patent misuse of the '642 Patent.

## EIGHTH AFFIRMATIVE DEFENSE

74. PTT is barred from the relief it seeks for failure to mark the subject goods with the patent number.

## NINTH AFFIRMATIVE DEFENSE

75. PTT is barred from recovery by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

76.     The relief sought by PTT as to the '881 Design Patent and '642 Patent is barred under the doctrine of prosecution history estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

77.     The '642 Patent is unenforceable due to the inequitable conduct of PTT during its prosecution of the '642 Patent. Upon information and belief, PTT, during the prosecution of the application that became the '642 Patent, claimed to the United States Patent and Trademark Office that certain claims in the patent applications were limited in such a way that the subject product was to look like a noodle. Once the '642 Patent issued, PTT disavowed its claims made during the prosecution of the '642 Patent by claiming and asserting that the subject product is not limited to a noodle shape.

## TWELFTH AFFIRMATIVE DEFENSE

78.     PTT is barred from recovery because the '881 Design Patent and '642 Patent are unenforceable due to PTT's inequitable conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

79.     PTT is not entitled as a matter of law to the relief or damages it seeks.

## FOURTEENTH AFFIRMATIVE DEFENSE

80.     PTT is barred from litigating the patent infringement claims contained in the SAC due to PTT's failure to join an indispensable and/or necessary party.

## FIFTEENTH AFFIRMATIVE DEFENSE

81.     PTT lacks standing to assert the patent infringement claims contained in the SAC.

### SIXTEENTH AFFIRMATIVE DEFENSE

82. Ja-Ru Defendants alleged patent infringement was done, if at all, with an innocent intent and without any belief that any acts of Ja-Ru Defendants constituted an infringement or a violation of any rights of PTT.

### SEVENTEENTH AFFIRMATIVE DEFENSE

83. If PTT has suffered any damages at all, then said damages were and are the proximate and immediate result of the actions or inactions of PTT and/or parties other than Ja-Ru Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

84. The conduct of Ja-Ru Defendants was at all times lawful and privileged.

### NINETEENTH AFFIRMATIVE DEFENSE

85. Ja-Ru Defendants are informed and believe and thereon alleges that they may have additional defenses that cannot be articulated due to PTT's failure to particularize its claims and due to PTT's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which PTT alleges that Ja-Ru Defendants may have some responsibility. Ja-Ru Defendants therefore reserve the right to assert additional defenses upon further particularization of PTT's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

### COUNTERCLAIM

Ja-Ru, Inc. (hereinafter referred to as "Ja-Ru (US)") and Ja-Ru (HK) Limited (hereinafter referred to as "Ja-Ru (HK)") (hereinafter collectively referred to as "Ja-Ru Counterclaimants"), by and through their undersigned attorneys, hereby allege and counterclaim

(hereinafter "Counterclaim") against Prime Time Toys, Ltd. (hereinafter referred to as "PTT") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the Counterclaim, which seeks a declaratory judgment as to the invalidity, unenforceability, and non-infringement of U.S. Design Patent No. Des. 524,881 (hereinafter "the '881 Design Patent") and United States Patent No. 7,281,642 B2 (hereinafter "the '642 Patent") pursuant to 28 U.S.C.§§ 1331, 1332, 1338(a), and 2201 *et seq*. There is a justiciable and actual case and controversy between the parties with respect to the invalidity, unenforceability, and non-infringement of the '881 Design Patent and the '642 Patent.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

3. PTT commenced the within action in which its Second Amended Complaint (hereinafter, "SAC"), as well as its Complaint and Amended Complaint, expressly charge Ja-Ru Counterclaimants with patent infringement. PTT thus has submitted itself to the jurisdiction and venue of this Court.

## COUNT I
### (Declaratory Judgment Re: Invalidity, Unenforceability, and Non-Infringement of U.S. Design Patent No. Des. 524,881)

4. Ja-Ru Counterclaimants hereby incorporate by this reference the statements and allegations contained in paragraphs 1 through 3 of the Counterclaim as if fully set forth herein.

5. PTT brought an action against Ja-Ru Counterclaimants, alleging infringement, directly, indirectly, contributorily, and/or by inducement, of the '881 Design Patent. In its SAC, PTT seeks an injunction and damages for Ja-Ru Counterclaimants' alleged patent infringement.

6. Ja-Ru Counterclaimants seek a declaration of the invalidity and unenforceability of the '881 Design Patent, and each of the claims thereof. Upon information and belief, the claims of the '881 Design Patent are invalid, void, and unenforceable for, *inter alia,* failure to meet the requirements of a patent and patent validity set forth in 35 U.S.C. §§ 102, 103, and/or 112.

7. Ja-Ru Counterclaimants seek a declaration that they are not infringing, directly, indirectly, contributorily, and/or by inducement the '881 Design Patent, or any valid and enforceable claims thereof, and that they have never done so. Ja-Ru Counterclaimants deny that they have infringed or are infringing, directly, indirectly, contributorily, and/or by inducement the '881 Design Patent, or any valid and enforceable claims thereof

8. An actual controversy exists between Ja-Ru Counterclaimants, on the one hand, and PTT, on the other hand, with respect to the invalidity, unenforceability, and non-infringement of the '881 Design Patent.

### COUNT II
### (Declaratory Judgment Re: Invalidity, Unenforceability, and Non-Infringement of U.S. Patent No. 7,281,642 B2)

9. Ja-Ru Counterclaimants hereby incorporate by this reference the statements and allegations contained in paragraphs 1 through 3 of the Counterclaim as if fully set forth herein.

10. PTT brought an action against Ja-Ru Counterclaimants, alleging infringement, directly, indirectly, contributorily, and/or by inducement, of the '642 Patent. In its SAC, PTT seeks an injunction and damages for Ja-Ru Counterclaimants' alleged patent infringement.

11. Ja-Ru Counterclaimants seek a declaration of the invalidity and unenforceability of the '642 Patent, and each of the claims thereof. Upon information and belief, the claims of the '642 Patent are invalid, void, and unenforceable for, *inter alia,* failure to meet the requirements of a patent and patent validity set forth in 35 U.S.C. §§ 102, 103, and/or 112.

12. Ja-Ru Counterclaimants also seek a declaration of the unenforceability of the '642 Patent due to the inequitable conduct of PTT during its prosecution of the '642 Patent. Upon information and belief, PTT, during the prosecution of the application that became the '642 Patent, claimed to the United States Patent and Trademark Office that certain claims in the patent application were limited in such a way that the subject product was to look like a noodle. Once the '642 Patent issued, PTT disavowed its claims made during the prosecution of the '642 Patent by claiming and asserting that the subject product is not limited to a noodle shape.

13. Ja-Ru Counterclaimants seek a declaration that they are not infringing, directly, indirectly, contributorily, and/or by inducement the '642 Patent, or any valid and enforceable claims thereof, and that they have never done so. Ja-Ru Counterclaimants deny that they have infringed or are infringing, directly, indirectly, contributorily, and/or by inducement the '642 Patent, or any valid and enforceable claims thereof

14. An actual controversy exists between Ja-Ru Counterclaimants, on the one hand, and PTT, on the other hand, with respect to the invalidity, unenforceability, and non-infringement of the '642 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Ja-Ru Counterclaimants pray for judgment against PTT as follows:

1. That the Second Amended Complaint be dismissed with prejudice;

2. For entry of a judgment declaring that each and every claim of U.S. Design Patent No. Des. 524,881 is invalid, void, and unenforceable;

3. For entry of a judgment declaring that no claim of U.S. Design Patent No. Des. 524,881 that is valid and enforceable, if any, is infringed by Ja-Ru Counterclaimants, either directly, indirectly, contributorily, or by inducement;

4. For entry of a judgment declaring that each and every claim of U.S. Patent No. 7,281,642 B2 is invalid, void, and unenforceable;

5. For entry of a judgment declaring that no claim of U.S. Patent No. 7,281,642 B2 that is valid and enforceable, if any, is infringed by Ja-Ru Counterclaimants, either directly, indirectly, contributorily, or by inducement;

6. For an award of their costs and expenses, including attorneys' fees, as permitted by applicable law; and

7. For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Ja-Ru, Inc. and Ja-Ru (HK) Ltd. hereby demand a trial by jury as to all issues so triable.

Dated: New York, New York
       May 2, 2008

                                    LOEB & LOEB LLP

                                    By: _____
                                        Brian R. Socolow (BS-6234)
                                        345 Park Avenue
                                        New York, New York 10154-1895
                                        (212) 407-4000

Of Counsel:

Lewis Anten (CA State Bar No. 56459) (pro hac vice admission pending)
Ivy Choderker (CA State Bar No. 210612) (pro hac vice admission pending)
LEWIS ANTEN, P.C.
16830 Ventura Boulevard, Suite 236
Encino, CA 91436
(818) 501-3535

Attorneys for Defendants/Counterclaimants Ja-Ru, Inc. and Ja-Ru (HK), Ltd.

NY717582.2
212549-10001