UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PRIME TIME TOYS, LTD.,                           :

              Plaintiff,                         :

           -against-                              :

JA-RU, INC.; JA-RU (HK), LTD.; and      :
MARLON CREATIONS, INC.,

             Defendants.                    :

------------------------------------------------------------X

Civil Action No. 1:08 cv-00449 (MGC)

ECF Case

## ANSWER OF MARLON CREATIONS, INC. TO SECOND AMENDED COMPLAINT

Marlon Creations, Inc. (hereinafter referred to as "Marlon"), by and through its undersigned attorneys, hereby answers the Second Amended Complaint (hereinafter referred to as "SAC") of Prime Time Toys, Ltd. (hereinafter referred to as "PTT") as follows:

## THE PARTIES

1. Marlon lacks sufficient information to admit or deny the allegations contained in paragraph 1 of the SAC, and upon that basis denies the same.

2. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 2 of the SAC, and upon that basis denies the same.

3. Responding to paragraph 3 of the SAC, Marlon admits that Exhibit G is a true and correct photograph of a toy offered for sale and sold by Marlon but denies that Marlon imported said toy into the United States. Marlon lacks information and belief as

to the allegations concerning other defendants in this action contained in paragraph 3 of the SAC, and upon that basis denies the same.

4. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 4 of the SAC, and upon that basis denies the same.

5. Marlon admits the allegations contained in paragraph 5 of the SAC.

6. Marlon admits the allegations contained in paragraph 6 of the SAC.

7. Marlon admits the allegations contained in paragraph 7 of the SAC.

8. Responding to paragraph 8 of the SAC, Marlon admits that Ja-Ru (US) sold the Ja-Ru Pumper Version 2 to Marlon within the State of New York and shipped the Ja-Ru Pumper Version 2 to Marlon for receipt within the State of New York, and denies that Ja-Ru (HK) offered to sell or sold the Ja-Ru Pumper Version 2 to Marlon within the State of New York.

9. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 9 of the SAC, and upon that basis denies the same.

10. Responding to paragraph 10 of the SAC, Marlon admits that it was a registered exhibitor at the 2008 TIA Toy Fair held in Manhattan from February 17-20, 2008, and that attached as Exhibit B to the SAC are true and correct copies of Marlon's exhibit entry from the TIA website for the 2008 TIA Toy Fair and photographs of Marlon's booth at the 2008 Toy Fair, but denies the remaining allegations contained in paragraph 10 of the SAC, and specifically denies that it committed any acts of patent infringement at the 2008 Toy Fair or elsewhere.

11. Responding to paragraph 11 of the SAC, Marlon admits that the Ja-Ru Pumper Version 2 was offered for sale by Marlon at the 2008 TIA Toy Fair to the extent it was one of numerous items of merchandise on display at Marlon's booth at the 2008 TIA Toy Fair, admits that orders were taken for the Ja-Ru Pumper Version 2 at the 2008 TIA Toy Fair, and denies the remaining allegations contained in paragraph 11 of the SAC.

12. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 12 of the SAC, and upon that basis denies the same.

13. Marlon admits the allegations contained in paragraph 13 of the SAC.

14. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 14 of the SAC, and upon that basis denies the same.

15. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 15 of the SAC, and upon that basis denies the same. Marlon further states that paragraph 15 contains a legal conclusion as to which no response is required.

16. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 16 of the SAC, and upon that basis denies the same. Marlon further states that paragraph 16 contains a legal conclusion as to which no response is required.

17. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 17 of the SAC, and upon that basis

denies the same. Marlon further states that paragraph 17 contains a legal conclusion as to which no response is required.

18. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 18 of the SAC, and upon that basis denies the same. Marlon further states that paragraph 18 contains a legal conclusion as to which no response is required.

19. Responding to paragraph 19 of the SAC, Marlon does not contest the Court's exercise of personal jurisdiction over Marlon and Marlon admits that it is domiciled within the State of New York, but denies that it has committed any acts of patent infringement, including without limitation any acts of patent infringement within the State of New York and this judicial district.

## BACKGROUND

20. Marlon lacks sufficient information and belief to admit the allegations contained in paragraph 20 of the SAC, and upon that basis denies the same.

21. Marlon lacks sufficient information and belief to admit the allegations contained in paragraph 21 of the SAC, and upon that basis denies the same.

22. Marlon admits that U.S. Design Patent No. Des. 524,881, which is entitled "FLOATING SQUIRTING TOY" (hereinafter "the '881 Design Patent"), issued and that a true and correct copy of the '881 Design Patent is attached as Exhibit D to the SAC, but denies that the '881 Design Patent is valid or subsisting or entitled to a presumption of validity under 35 U.S.C. § 282; and lacks sufficient information and belief to admit or deny the remaining allegations contained in paragraph 22 of the SAC and upon that basis denies the same.

23.     Marlon lacks sufficient information and belief to admit or deny the allegations contained in paragraph 23 of the SAC and upon that basis denies the same.

24.     Marlon admits that U.S. Patent No. 7,281,642 B2, which is entitled "SQUIRTING TOY" (hereinafter "the '642 Patent"), issued and that a true and correct copy of the '642 Patent is attached as Exhibit E to the SAC, but denies that the '642 Patent is valid or subsisting or entitled to a presumption of validity under 35 U.S.C. § 282; and lacks sufficient information and belief to admit or deny the remaining allegations contained in paragraph 24 of the SAC and upon that basis denies the same.

25.     Marlon lacks sufficient information and belief to admit or deny the allegations contained in paragraph 25 of the SAC and upon that basis denies the same.

26.     Marlon lacks sufficient information and belief to admit or deny the allegations contained in paragraph 26 of the SAC and upon that basis denies the same.

27.     Marlon lacks sufficient information and belief to admit or deny the allegations contained in paragraph 27 of the SAC and upon that basis denies the same.

28.     Marlon lacks sufficient information and belief to admit or deny the allegations contained in paragraph 28 of the SAC and upon that basis denies the same.

29.     Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 29 of the SAC, and upon that basis denies the same.

30.     Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 30 of the SAC, and upon that basis denies the same.

31. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 31 of the SAC, and upon that basis denies the same, and specifically denies that any of the products it sells infringe the '642 Patent.

32. Marlon lacks information and belief as to the other defendants in this action, and upon that basis denies the allegations contained in paragraph 32 of the SAC, and specifically denies that any of the products it sells infringe the '642 Patent.

33. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 33 of the SAC, and upon that basis denies the same.

34. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 34 of the SAC, and upon that basis denies the same.

35. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 35 of the SAC, and upon that basis denies the same.

36. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 36 of the SAC, and upon that basis denies the same.

37. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 37 of the SAC, and upon that basis denies the same, and specifically denies that any of the products it sells infringe the '642 Patent.

38. Marlon denies the allegations contained in paragraph 38 of the SAC.

39. Marlon denies the allegations contained in paragraph 39 of the SAC.

40. Marlon denies the allegations contained in paragraph 40 of the SAC.

## **COUNT I**

41. Marlon hereby realleges its answers to paragraphs 1 through 40 of the SAC, and thereby incorporates them herein by this reference as if fully set forth herein.

42. Responding to paragraphs 42 through 54 of the SAC, Marlon states that these paragraphs comprise Count I of the SAC, which does not allege patent infringement on any other claim against Marlon, and upon that basis a response from Marlon to paragraphs 42 through 54 of the SAC is not required.

43. Responding to paragraphs 42 through 54 of the SAC, Marlon states that these paragraphs comprise Count I of the SAC, which does not allege patent infringement or any other claim against Marlon, and upon that basis a response from Marlon to paragraphs 42 through 54 of the SAC is not required.

44. Responding to paragraphs 42 through 54 of the SAC, Marlon states that these paragraphs comprise Count I of the SAC, which does not allege patent infringement or any other claim against Marlon, and upon that basis a response from Marlon to paragraphs 42 through 54 of the SAC is not required.

45. Responding to paragraphs 42 through 54 of the SAC, Marlon states that these paragraphs comprise Count I of the SAC, which does not allege patent infringement or any other claim against Marlon, and upon that basis a response from Marlon to paragraphs 42 through 54 of the SAC is not required.

46. Responding to paragraphs 42 through 54 of the SAC, Marlon states that these paragraphs comprise Count I of the SAC, which does not allege patent infringement or any other claim against Marlon, and upon that basis a response from Marlon to paragraphs 42 through 54 of the SAC is not required.

47. Responding to paragraphs 42 through 54 of the SAC, Marlon states that these paragraphs comprise Count I of the SAC, which does not allege patent infringement or any other claim against Marlon, and upon that basis a response from Marlon to paragraphs 42 through 54 of the SAC is not required

48. Responding to paragraphs 42 through 54 of the SAC, Marlon states that these paragraphs comprise Count I of the SAC, which does not allege patent infringement or any other claim against Marlon, and upon that basis a response from Marlon to paragraphs 42 through 54 of the SAC is not required.

49. Responding to paragraphs 42 through 54 of the SAC, Marlon states that these paragraphs comprise Count I of the SAC, which does not allege patent infringement or any other claim against Marlon, and upon that basis a response from Marlon to paragraphs 42 through 54 of the SAC is not required.

50. Responding to paragraphs 43 through 54 of the SAC, Marlon states that these paragraphs comprise Count I of the SAC, which does not allege patent infringement against Marlon, it only alleges patent infringement against the other defendants in this action, and upon that basis a response from Marlon to paragraphs 43 through 54 of the SAC is not required.

51. Responding to paragraphs 43 through 54 of the SAC, Marlon states that these paragraphs comprise Count I of the SAC, which does not allege patent infringement

against Marlon, it only alleges patent infringement against the other defendants in this action, and upon that basis a response from Marlon to paragraphs 43 through 54 of the SAC is not required.

52.     Responding to paragraphs 43 through 54 of the SAC, Marlon states that these paragraphs comprise Count I of the SAC, which does not allege patent infringement against Marlon, it only alleges patent infringement against the other defendants in this action, and upon that basis a response from Marlon to paragraphs 43 through 54 of the SAC is not required.

53.     Responding to paragraphs 43 through 54 of the SAC, Marlon states that these paragraphs comprise Count I of the SAC, which does not allege patent infringement against Marlon, it only alleges patent infringement against the other defendants in this action, and upon that basis a response from Marlon to paragraphs 43 through 54 of the SAC is not required.

54.     Responding to paragraphs 43 through 54 of the SAC, Marlon states that these paragraphs comprise Count I of the SAC, which does not allege patent infringement against Marlon, it only alleges patent infringement against the other defendants in this action, and upon that basis a response from Marlon to paragraphs 43 through 54 of the SAC is not required.

## COUNT II

55.     Marlon hereby realleges its answers to paragraphs 1 through 54 of the SAC, and thereby incorporates them herein by this reference as if fully set forth herein.

56.     Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 56 of the SAC, and upon that basis

denies the same, and specifically denies that any of the products it sells infringe the '642 Patent.

57. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 57 of the SAC, and upon that basis denies the same, and specifically denies that any of the products it sells infringe the '642 Patent.

58. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 58 of the SAC, and upon that basis denies the same, and specifically denies that any of the products it sells infringe the '642 Patent.

59. Marlon lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 59 of the SAC, and upon that basis denies the same.

60. Marlon denies the allegations contained in paragraph 60 of the SAC.

61. Marlon denies the allegations contained in paragraph 61 of the SAC.

62. Marlon denies the allegations contained in paragraph 62 of the SAC.

63. Marlon denies the allegations contained in paragraph 63 of the SAC.

64. Marlon denies the allegations contained in paragraph 64 of the SAC.

65. Marlon denies the allegations as to Marlon contained in paragraph 65 of the SAC, and lacks information and belief as to the allegations concerning the other defendants in this action contained in paragraph 65 of the SAC, and upon that basis denies the same.

66. Marlon denies the allegations contained in paragraph 66 of the SAC.

## AFFIRMATIVE DEFENSES TO THE SAC AND TO EACH CLAIM FOR RELIEF STATED THEREIN

As separate affirmative defenses to the SAC, and to each purported claim for relief alleged therein, Marlon alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

67. PTT has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

68. PTT is barred from recovery because there are no valid and enforceable claims of the '642 Patent.

### THIRD AFFIRMATIVE DEFENSE

69. PTT is barred from recovery because the '642 Patent is invalid and unenforceable, including, *inter alia,* for failure to meet the requirements for a patent and patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

70. PTT is barred from the relief it seeks for failure to mark the subject goods with the patent number.

### FIFTH AFFIRMATIVE DEFENSE

71. PTT is barred from recovery because of its patent misuse of the '642 Patent.

### SIXTH AFFIRMATIVE DEFENSE

72. PTT is barred from recovery by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

73. The relief sought by PTT as to the '642 Patent is barred under the doctrine of prosecution history estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

74. PTT is not entitled as a matter of law to the relief or damages it seeks.

## NINTH AFFIRMATIVE DEFENSE

75. PTT is barred from litigating the patent infringement claims contained in the SAC due to PTT's failure to join an indispensable and/or necessary party.

## TENTH AFFIRMATIVE DEFENSE

76. PTT lacks standing to assert the patent infringement claims contained in the SAC.

## ELEVENTH AFFIRMATIVE DEFENSE

77. Marlon's alleged patent infringement was done, if at all, with an innocent intent and without any belief that any acts of Marlon constituted an infringement or a violation of any rights of PTT.

## TWELFTH AFFIRMATIVE DEFENSE

78. If PTT has suffered any damages at all, then said damages were and are the proximate and immediate result of the actions or inactions of PTT and/or parties other than Marlon.

## THIRTEENTH AFFIRMATIVE DEFENSE

79. The conduct of Marlon was at all times lawful and privileged.

## FOURTEENTH AFFIRMATIVE DEFENSE

80. Marlon is informed and believes and thereon alleges that it may have additional defenses that cannot be articulated due to PTT's failure to particularize its claims and due to PTT's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which PTT alleges that Marlon may have some responsibility. Marlon therefore reserves the right to assert

additional defenses upon further particularization of PTT's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## PRAYER FOR RELIEF

WHEREFORE, Marlon prays for judgment against PTT as follows:

1. That the Second Amended Complaint be dismissed with prejudice;

2. For an award of its costs and expenses, including attorneys' fees, as permitted by applicable law; and

3. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Marlon hereby demands a trial by jury as to all issues so triable.

Dated: May 2, 2008                    LOEB & LOEB LLP

_____
Brian R. Socolow (BS-6234)
345 Park Avenue
New York, New York 10154
(212) 407-4000

Of Counsel:

Lewis Anten (CA State Bar No. 56459) (pro hac vice admission pending)
Ivy Choderker (CA State Bar No. 210612) (pro hac vice admission pending)
LEWIS ANTEN, P.C.
16830 Ventura Boulevard, Suite 236
Encino, CA 91436
(818) 501-3535

Attorneys for Defendant
Marlon Creations, Inc.

NY717496.2
212549-10001