Neil M. Zipkin (NZ 4718)
Chester Rothstein (CR 1417)
David A. Boag (DB 9899)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York  10016
(212) 336-8000

Attorneys for Plaintiff
Prime Time Toys, Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------x

PRIME TIME TOYS, LTD,

                Plaintiff

     v.

JA-RU, INC.; JA-RU (HK), LTD and MARLON CREATIONS, INC.,

                Defendants.

-------------------------------x

Civil Action No.: **1:08-cv-00449-MGC**
ECF Case

## REPLY TO COUNTERCLAIM

Prime Time Toys, Ltd. (hereinafter referred to as "PTT") answers the Counterclaim of Defendants Ja-Ru, Inc. and Ja-Ru (HK), Ltd. (collectively, "Ja-Ru") as follows:

### JURISDICTION AND VENUE

1.     PTT admits the allegations of Paragraph 1 of the Counterclaim.

2.     PTT admits the allegations of Paragraph 2 of the Counterclaim.

3.     PTT admits the allegations of Paragraph 3 of the Counterclaim.

399494.1

## COUNT I

4. PTT repeats its responses to Paragraphs 1 through 3 as if fully set forth herein.

5. PTT admits the allegations of Paragraph 5 of the Counterclaim.

6. PTT admits that the Counterclaim purports to seek a declaration of invalidity and unenforceability of the '881 Design Patent, but denies the remaining allegations of Paragraph 6 of the Counterclaim.

7. PTT admits that the Counterclaim purports to seek a declaration of non-infringement of the '881 Design Patent, but denies the remaining allegations of Paragraph 7 of the Counterclaim.

8. PTT admits the allegations of Paragraph 8 of the Counterclaim.

## COUNT II

9. PTT hereby incorporates by reference Paragraphs 1 through 3 above.

10. PTT admits the allegations of Paragraph 10 of the Counterclaim.

11. PTT admits that the Counterclaim purports to seek a declaration of the invalidity and unenforceability of the '642 Patent, but denies the remaining allegations of Paragraph 11 of the Counterclaim.

12. PTT admits that the Counterclaim purports to seek a declaration of the unenforceability of the '642 Patent, but denies that it committed any inequitable conduct during the prosecution of the '642 Patent and denies the remaining allegations of Paragraph 12 of the Counterclaim.

13. PTT admits that the Counterclaim purports to seek a declaration of non-infringement, but denies the remaining allegations of Paragraph 13 of the Counterclaim.

14. PTT admits the allegations of Paragraph 14 of the Counterclaim.

## AFFIRMATIVE DEFENSES

For its further and separate defenses to the Counterclaim, PTT alleges as follows:

1. Ja-Ru's Counterclaims fail to state a claim upon which any relief can be granted.

2. Count I of the Counterclaim, set forth in paragraphs 4 through 8, alleges inequitable conduct but fails to state the circumstances of the alleged wrongful conduct with sufficient particularity.

3. Count II of the Counterclaim, set forth in paragraphs 9 through 14, alleges inequitable conduct but fails to state the circumstances of the alleged wrongful conduct with sufficient particularity.

## PRAYER FOR RELIEF

WHEREFORE, PTT respectfully demands judgment on Ja-Ru's Counterclaim that:

A. The Court dismisses the Counterclaim of Ja-Ru with prejudice;

B. The Court enters judgment in favor of PTT;

C. The Court finds this is an exceptional case and awards PTT its reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285; and,

D. The Court grants to PTT such other and further relief as this Court deems just and proper.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN, LLP
90 Park Avenue
New York, New York 10016
Telephone No.: (212) 336-8000

Attorneys for Prime Time Toys, Ltd.

Dated: May 22, 2008   By: _____
Neil M. Zipkin (NZ 4718)
Chester Rothstein (CR 1417)
David A. Boag (DB 9899)

399494.1                                3